UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRAKES COLLISION, INC., et al.,

        Plaintiffs,

v.

        Civil Case No. 19-13517
        Honorable Linda V. Parker

AUTO CLUB GROUP
INSURANCE CO., et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS NATIONAL CRIME INSURANCE BUREAU AND LARRY LAFONDE'S "MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)"

This lawsuit arises from an October 22, 2019 "raid" of Plaintiff Drakes Collision, a motor vehicle repair facility. The raid was conducted by Defendants Oakland County Auto Theft Squad ("OCATS"), National Insurance Crime Bureau ("NICB"), NICB employee Larry Lafonde, and officers from the Oakland County Sheriff's Department, Southfield Police Department, and Farmington Hills Police Department. In an Amended Complaint filed January 21, 2020, Plaintiffs assert several counts against Defendants:

    I.    Federal Claim Violation of the Federal Civil
         Rights Act of 1871 42 U.S.C § 1983 Fourth and

      Fourteenth Amendment Violations – False Arrest, False Imprisonment, and Unreasonable Search and Seizure (as to Defendant[s] OCATS, NICB and NICB agent Larry Lafonde);

II. Federal Claim Conspiracy to Violate the Federal Civil Rights Act of 1871 42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violations – False Arrest, False Imprisonment, and Unreasonable Search and Seizure (as to Defendants AAA[1], NICB, Lafonde, Comini, Rembo and Taylor);

III. Federal Claim Violation of the Second Amendment of the United States of America and Fourteenth Amendment Equal Protection Under the Laws (as to Defendants Quisenberry, Baldes, Defendant NICB and Defendant Larry Lafonde);

IV. State Law Claim False Arrest (as to Defendant OCATS, Defendant Officers, Defendant NICB and Lafonde);

V. State Claim False Imprisonment (as to Defendant[s] OCATS, Officers, NICB and Lafonde);

VI. Violation of MCL 500.2110B – Michigan Anti-Steering Statute the Insurance Code of 1956 (Excerpt) (as to Defendant AAA Insurance, Defendant Comini);

VII. Violation of Michigan Compiled Law 600.2911(1) – Defamation Per Se and Defamation (as to Defendant[s] OCATS, Baldes, AAA, Rembo, Comini and Taylor); and

VIII. Civil Conspiracy (as to All Defendants).

---

[1] Plaintiffs refer to Auto Club as "AAA" throughout their filings.

2

(Am. Compl., ECF No. 19 (capitalization removed).)

Several defendants previously filed motions to dismiss, which this Court granted in an opinion and order issued November 30, 2020. This decision resulted, inter alia, in the complete dismissal of Count VI of Plaintiffs' Amended Complaint. Relying in part on the Court's holdings in that decision, Defendants NICB and Lafonde now move for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## I.     Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders

'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) or Rule 12(c) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172,

4

175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) [or Rule 12(c)] motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss [or the plaintiff's response thereto], so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court may take judicial notice only "of facts which are not subject to reasonable dispute." *Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)).

## II. Factual and Procedural Background

The Court set forth the factual background in extensive detail in its November 30 decision and will assume the reader's familiarity with those facts. For purposes of the pending motion, the Court adds that NICB is an Illinois corporation and Lafonde is an employee and agent of NICB. (Am. Compl. ¶¶ 13, 14, ECF No. 19 at Pg ID 368.) Plaintiffs assert in response to the pending motion that NICB "is not a governmental bureau[] or agency" but "is a privately owned

5

Illinois corporation, who [sic] hires civilians[] to act as 'Insurance Investigators.'"[2] (Resp. Br. at 1, ECF No. 55 at Pg ID 1380.) Plaintiffs state further that "[t]hese Investigators . . . carry badges, and often accompany law enforcement[] and licensed state compliance officers[] on the types of 'administrative inspections' that precipitated the filing of the instant suit." (*Id*.)

In the November 30 decision, the Court first held that the search of Drakes Collision fell within the administrative search exception to the Fourth Amendment's warrant requirement and that the search was reasonable. (Op. & Order at 17-27, ECF No. 41 at Pg ID 1140-46.) The Court alternatively concluded that the defendant officers were entitled to qualified immunity even if the reasonableness of their conduct was questionable. (*Id*. at 27-32, Pg ID 1146-51.) The Court therefore dismissed Plaintiffs' false arrest, false imprisonment, and unreasonable search and seizure claims (Counts I, II, IV, and V) against the moving defendants, and Plaintiffs' claim alleging a conspiracy to violate their Fourth Amendment rights (Count VIII).

The Court next analyzed Plaintiffs' substantive due process and equal protection claims. (*Id*. at 33-35, Pg ID 1152-54.) To the extent the claims were premised on false arrest and imprisonment and unreasonable search and seizure—

---

[2] While matters outside the pleading are not considered when deciding a Rule 12(c) motion, the Court nevertheless includes these facts to provide background for the arguments in Plaintiffs' response to the pending motion.

6

as the headings of Plaintiffs' § 1983 claims suggested—the Court indicated that such "claims are analyzed only under the rubric of the Fourth Amendment, not the Fourteenth Amendment." (*Id.* at 33, Pg ID 1152 (citing cases).) To the extent Plaintiffs are asserting independent claims, the Court first noted that they failed to respond and therefore waived the argument asserted by one defendant that their factual allegations do not set forth "arbitrary and capricious" or "conscience-shocking" actions and do not satisfy the elements of an equal protection claim. (*Id.* at 34, Pg ID 1153.) The Court also concluded that "other than conclusory allegations, Plaintiffs' Amended Complaint does not raise an inference that the search and seizures described occurred because of anyone's race, religion, or ethnicity." (*Id.*)

The Court went on to hold that Plaintiffs' "Anti-Steering" Statute claim (Count VI) failed against Defendants because Plaintiffs provided no support for their standing to bring a private cause of action under the statute and "because the facts alleged in the Amended Complaint do not plausibly suggest that [the moving defendants] 'unreasonably restrict[ed] an insured from using a particular shop for the providing of any automobile repair." (*Id.* at 37, Pg ID 1156 (ellipsis removed) (quoting Mich. Comp. Laws § 500.2110b(1)).)

7

Lastly, the Court addressed Plaintiffs' defamation claim. (*Id.* at 37-43, Pg ID 1156-62.) As Plaintiffs do not assert that claim against NICB or Lafonde, the Court will not restate its reasons for dismissing that claim here.

### III. Applicable Law and Analysis

#### A. Plaintiffs' False Arrest, False Imprisonment, and Unreasonable Search and Seizure Claims

For the reasons set forth in the Court's November 30 decision, Plaintiffs' false arrest, false imprisonment, and unreasonable search and seizure claims against NICB and Lafonde are subject to dismissal. There is no reason for the Court to restate why it concluded, and still concludes, that Drakes Collision was subject to a warrantless search under the administrative inspections exception for closely regulated industries.

The video surveillance recording—which the Court is considering as it was referred to in Plaintiffs' pleading—presents no facts that the Court did not already consider when granting the previous motions to dismiss. The status of NICB and Lafonde as non-state actors also does not impact the Court's decision, as Michigan's Motor Vehicle Service and Repair Act ("MVSRA") authorizes the "secretary of state or *any individual designated by the secretary of state to act in his or her place*[,]" as well as "other law enforcement officials" to conduct "periodic unannounced inspections of the premises, parts records, and parts

inventories" of covered facilities. Mich. Comp. Laws §§ 257.1302(a), 257.1317 (emphasis added).

The Court acknowledges that its qualified immunity analysis does not apply to NICB or Lafonde, as private actors sued under § 1983. *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 390 (6th Cir. 2020) (citing *Wyatt v. Cole*, 504 U.S. 158, 159 (1992)). However, as the Court noted in its November 30 decision and NICB and Lafonde raise in their pending motion, a private actor sued under § 1983 is entitled to raise a good-faith defense to liability. *Id.* at 390-91 (quoting *Janus v. AFSCME, Council 31*, 942 F.3d 352, 363 (7th Cir. 2019)). Plaintiffs' failure to address this defense in their response brief indicates that they waive any opposition to it. *See Notredan, LLC v Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (failure to address an argument in a motion to dismiss amounts to a forfeiture of the claim); *Murray v. Geithner*, 763 F. Supp. 2d 860, 871-72 (E.D. Mich. 2011) (citing *Humphrey v. U.S. Atty. General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008)) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived."). In any event, qualified immunity and this good-faith defense are only alternative reasons why Defendants are entitled to dismissal with respect to Plaintiffs' false arrest, false imprisonment, and unreasonable search and seizure claims.

### B. Plaintiffs' Second Amendment Claim

Plaintiffs allege that NICB and Lafonde violated the Second Amendment when Plaintiffs Bassam Shammami and Amjad Alaarj were allegedly "unlawfully disposed . . . of legally owned firearms." (Am. Compl. ¶ 112, ECF No. 19 at Pg ID 413.) As this Court previously found, however, no weapons were taken from Drake Collison employees. Rather, the affidavits attached to Plaintiffs' pleading reflect that employees were directed to place their weapons in their own vehicles or toolboxes during the inspection. In other words, "[n]o facts support Plaintiffs' conclusory legal assertions that employees were personally 'searched' or that their weapons were 'seized.'" (Op. & Order at 26, ECF No. 41 at Pg ID 1145.) Plaintiffs have not disputed the Court's understanding of the facts. Instead, in response to NICB and Lafonde's motion, Plaintiffs refer to the Supreme Court's holding in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that the Second Amendment's protection of "an individual right to keep and bear arms" renders unlawful a ban on handgun possession in the home, as it interferes with "the inherent right of self-defense central to the Second Amendment right[.]" (Resp. Br. at 11-12, ECF No. 55 at Pg ID 1390-91 (quoting *Heller*, 554 U.S. at 595).)

As the Supreme Court stated in *Heller*, however, an individual's right to keep and bear arms is "not unlimited[.]" 554 U.S. at 595, 626. "Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone

through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* at 626. As this Court reasoned in its November 30 decision, the Constitution does not prohibit officers from taking reasonable actions (e.g., securing the weapons of individuals on the premises) to ensure the officers' safety while executing a lawful search. (Op. & Order at 26, ECF No. 41 at Pg ID 1145 (citing *Los Angeles Cnty. v. Rettele*, 550 U.S. 609, 614 (2007) (when executing a lawful search, "officers may take reasonable action to secure the premises and to ensure their own safety and the efficacy of the search")).)

Moreover, the right recognized in *Heller* was the "right to possess a handgun *in the home* for purpose of self-defense." *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010) (emphasis added). Neither the Supreme Court nor the Sixth Circuit Court of Appeals have held that this right extends beyond the home and several Circuits have expressly declined to hold that this right exists. *See Peruta v. Cnty. of San Diego*, 824 F.3d 919 (9th Cir. 2016) (concluding "that the Second Amendment right to keep and bear arms does not include, in any degree, the right of a member of the general public to carry concealed firearms in public"); *Drake v. Filko*, 724 F.3d 426, 430-31 (3rd Cir. 2013) (declining to "definitively declare that the individual right to bear arms for the purpose of self-defense extends beyond the

11

home"); *see also Embody v. Ward*, 695 F.3d 577, 581-82 (6th Cir. 2012) ("No court has held that the Second Amendment encompasses a right to bear arms within state parks."); *United States v. Masciandaro*, 638 F.3d 458, 475 (4th Cir. 2011) ("On the question of *Heller*'s applicability outside of the home environment, we think it prudent to await direction from the Court itself."); *Gonzalez v. Village of West Milwaukee*, 671 F.3d 649, 659 (7th Cir. 2012) ("Whatever . . . *Heller* and *McDonald* might mean for future questions about open-carry rights, for now this is unsettled territory."). As such, Plaintiffs cannot state a viable § 1983 claim alleging violations of their Second Amendment rights against NICB or Lafonde.

      **C.**     **Plaintiffs' Substantive Due Process and Equal Protections Claims**

The Court previously explained that Plaintiffs' claims alleging unlawful search and seizure are analyzed under the Fourth Amendment, not the Fourteenth Amendment. (Op. & Order at 33, ECF No. 41 at Pg ID 1152.) "Where a particular amendment provides an explicit source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). Yet Plaintiffs continue to argue in response to the pending motion that the search and seizure at issue in this lawsuit "should shock the conscience" and therefore be held violative of the Fifth

Amendment's Due Process Clause.[3]  (Resp. at 13-14, ECF No. 55 at Pg ID 1392-93.)

To the extent Plaintiffs are asserting independent due process or equal protection claims, the Court held before that they assert nothing more than conclusory allegations to suggest that the alleged misconduct occurred because of anyone's race, religion, or ethnicity.  (Op. & Order at 34-35, ECF No. 41 at Pg ID 1153-54.)  Plaintiffs assert nothing in response to the motion filed by NICB and Lafonde to suggest that they could rectify this deficiency in their pleading.

### D. Civil Conspiracy

The only remaining claim against NICB and Lafonde is Plaintiffs' civil conspiracy claim.  Because Plaintiffs fail to allege facts to establish a concerted action by Defendants to accomplish an unlawful purpose or a lawful purpose through unlawful means, this claim must be dismissed.

### IV. Conclusion

For the reasons stated herein and in the Court's November 30, 2020 Opinion and Order, Plaintiffs fail to state viable claims against NICB or Lafonde.

---

[3] Plaintiffs assert that Defendants violated Plaintiffs' due process rights under the Fifth Amendment.  (*See* Resp. at 13, ECF No. 55 at Pg ID 1392.)  The Fifth Amendment, however, "circumscribes only the actions of the federal government." *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (citing cases)  It is the Fourteenth Amendment's Due Process Clause that "restricts the activities of the states and their instrumentalities[.]" *Id.*

Accordingly,

**IT IS ORDERED** that Defendants National Insurance Crime Bureau and Larry Lafonde's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil procedure 12(c) is **GRANTED** and they are **DISMISSED AS PARTIES** to this action.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: September 20, 2021